# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3394

———————

Larry W. Meuir,                 *

                            *

        Appellant,          *

                            *   Appeal from the United States

      v.                    *   District Court for the

                            *   Western District of Missouri.

Greene County Jail Employees; Reed;  *

Captain Glenn; Captain Anderson;    *

Kenneth Clayton; Jack Merritt; Cole;  *

Bisby; Hilder; Scott; Clavin; West;    *

Michael Oravec; Greene County;      *

Carey Bisbey,                 *

                            *

        Appellees.          *

———————

Submitted: March 14, 2007
Filed: June 6, 2007

———————

Before MELLOY, SMITH, and BENTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Larry Meuir brought this action *pro se* under 42 U.S.C. § 1983, claiming that while he was incarcerated in the Greene County Jail ("the Jail"), the Jail's medical staff was deliberately indifferent to his serious medical needs. Meuir also contended that the staff retaliated against him for refusing to visit a dentist who he alleges followed a "pull-teeth-only" county policy. Meuir also challenged the alleged pull-

teeth-only policy. The district court[1] granted summary judgment in favor of the defendants. Meuir appeals the district court's grant of summary judgment to the defendants and its denial of his discovery motions. We affirm.

## I. *Background*

Meuir suffers from chronic dental problems, specifically bleeding gums and toothaches. During a prior incarceration in the Fulton Correctional Center ("Fulton"), Fulton treated Meuir's condition with a prescription mouthwash until his release in 1997. In 2002, following a drug conviction, Meuir was held for three months in the Jail while awaiting permanent assignment by the Missouri Department of Corrections. During his initial medical screening at the Jail, Meuir did not report his history of dental problems. Meuir stated in his deposition that he did not exhibit any notable signs of immediate dental problems at that time; his gums were not bleeding, inflamed, or infected. After a month in the Jail, Meuir first sought medical attention after noticing that his gums bled after brushing and eating crunchy foods. He told the nurse on duty, Marilyn Cole, that he bled for roughly a minute after brushing and that he experienced minor pain. Cole provided Meuir with Tylenol for his discomfort.

Over the course of the next month, Meuir saw four nurses at the jail: Cole, Mary Hilder, Michael Oravec, and Katharina Bisby ("the nurses"). Each visit, Meuir made the same complaints: bleeding gums and toothaches. In response, the nurses simply encouraged him to brush and gargle with salt water and provided him with Tylenol for his pain. Despite his requests, the nurses declined to prescribe the medicated mouthwash that Meuir had used in Fulton. However, one of the nurses designated Meuir for transport to see the county dentist along with other inmates needing dental services.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

When guards arrived to transport Meuir to see the county dentist, Meuir refused to go. According to Meuir, a guard informed him that the county dentist was a "pull-teeth-only" dentist and that inmates had no alternative provider. Meuir interpreted these comments to mean that Meuir would have his teeth removed rather than be provided with any less radical treatment. After Meuir refused to visit the county dentist, the jail's doctor, Dr. Carey Bisby, stopped supplying Meuir with Tylenol. Meuir could still purchase the same medication at the prison commissary. Meuir's dental condition worsened until he was transferred to a different penal institution in Farmington, Missouri, where he received the medicated mouthwash he had used previously at Fulton.

In January 2003, Meuir filed this suit *pro se* against the nurses and Dr. Bisby. He also filed suit against Greene County, owner and operator of the Jail. In the suits, Meuir alleges that: (1) the nurses and Dr. Bisby were deliberately indifferent to his medical needs; (2) Dr. Bisby retaliated against him for not seeing the county dentist; and (3) Greene County has an unconstitutional, unwritten pull-teeth-only policy. During the discovery phase, Meuir requested the dental records of all inmates housed in the Jail. The court denied this request. Upon completion of discovery, the nurses, Dr. Bisby and Greene County successfully moved for summary judgment.

## II. *Discussion*

We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party. *Arnold v. Nursing & Rehab. Ctr. at Good Shepard, LLC*, 471 F.3d 843, 845 (8th Cir. 2006). Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* Meuir, now with appointed counsel, appeals raising four issues.

## A. *Deliberate Indifference*

Meuir first alleges that the nurses and Dr. Bisby provided constitutionally inadequate medical care by failing to prescribe him mouthwash and by failing to schedule a dentist appointment earlier. A prison's medical staff violates the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prima facie case alleging such deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). In granting summary judgment, the district court concluded that Meuir satisfied his burden of showing that the Jail's medical staff was aware of his serious medical need, but that he failed to show that they deliberately disregarded that need.

Whether a prison's medical staff deliberately disregarded the needs of an inmate is a factually-intensive inquiry. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997); *Jensen v. Clarke*, 94 F.3d 1191, 1197–98 (8th Cir. 1996). The plaintiff-inmate must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded the inmate's needs by administering an inadequate treatment. *See Dulany*, 132 F.3d at 1239 (holding "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment"). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992).

Meuir produced neither expert testimony nor documentary evidence to support his claim that the treatment provided by the Jail's medical staff was constitutionally inadequate. The nurses and Dr. Bisby, on the other hand, adduced affidavits from a dentist and Dr. Bisby attesting that the treatment provided by the Jail's medical staff

was adequate. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Dulany*, 132 F.3d at 1240. After a careful review of the record, we affirm the judgment of the district court.

## B. *Retaliatory Discipline*

Next, Meuir alleges that Dr. Bisby retaliated against him for refusing to visit the county dentist. A prisoner's Eighth Amendment rights are violated if prison officials "impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline. *Id*.; *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). The plaintiff-inmate has a heavy evidentiary burden to establish a prima facie case. *Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). Merely alleging that an act was retaliatory is insufficient. *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985).

Here, Meuir contends that Dr. Bisby denied him Tylenol because Meuir refused to see the county dentist. Meuir, however, offers no proof. The record evidence on point consists of Dr. Bisby's affidavit essentially stating that reason, not retaliation, caused termination of the free Tylenol. Dr. Bisby concluded that Meuir's condition was not serious given Meuir's declination to visit the dentist. Further, it is undisputed that Meuir still had access to Tylenol through the prison commissary. Meuir provides no evidence that Dr. Bisby knew why Meuir refused to go to the dentist or that the decision to deny Tylenol was motivated by any impermissible motive. After a careful review of the record, we affirm the judgment of the district court.

## C. *The Pull-Teeth-Only Policy*

Next, Meuir also petitioned for injunctive relief against Greene County, seeking to end the Jail's unwritten pull-teeth-only policy. Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan,* 504 U.S. at 560. Courts are "obliged to examine standing *sua sponte* where standing has erroneously been assumed below."*Adarand Const., Inc. v. Mineta*, 534 U.S. 103, 109 (2001). Standing to seek injunctive relief requires a plaintiff, *inter alia,* to show a likelihood of a future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

The district court assumed Meuir had standing for injunctive relief. We find, however, that standing is lacking given Meuir's changed custodial placement. Meuir filed suit against Greene County four months after his transfer to Farmington, Missouri, some 200 miles away, where his dental ailments have been treated apparently without complaint. Meuir's deposition suggests that he expects to serve the remainder of his 15-year term of imprisonment in Farmington. No reason exists to suspect that Meuir will ever return to the Jail. Therefore, we conclude that Meuir lacks standing to challenge the alleged policy.

## D. *Discovery Requests*

Lastly, during the discovery phase, Meuir sought copies of all dental treatment requests filed by all inmates during a five-year period. The district court refused to grant Meuir's two motions to compel, finding that the requests were too vague, excessive, and irrelevant. "We review such discovery rulings in a manner both narrow and deferential, and reversal is only warranted if an erroneous ruling amounted to a gross abuse of discretion." *Robinson v. Potter*, 453 F.3d 990, 994–95 (8th Cir. 2006) (internal citations and quotations omitted). Because the information sought by the discovery requests pertained to Meuir's challenge to the County's alleged pull-teeth-

only policy, we need not address the matter given our holding that Meuir lacks standing to challenge the policy.

### III. *Conclusion*

After a careful review of the record, we affirm the judgment of the district court. Further, we dismiss Meuir's challenge to Greene County's alleged pull-teeth-only policy because he lacks standing.

––––––––––––––––––––––––––––––––