# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1678

_____

Andrew Reid

*Plaintiff - Appellant*

v.

Rory Griffin, Medical Director; Richard, Mental Health Psychiatrist, ADC; Wendy
Kelley, Director, ADC; Margaret Peggy Rector, Dr., Varner Supermax, ADC
(Originally named as Rector)

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 19, 2015
Filed: December 17, 2015

_____

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Andrew Reid is a state inmate incarcerated at the Varner Super Max Unit of the
Arkansas Department of Correction ("ADC"). Reid filed this *pro se* action pursuant

to 42 U.S.C. § 1983, alleging deliberate indifference to her[1] serious medical needs. Reid appeals the district court's[2] adverse grant of summary judgment. We affirm.

In the complaint, Reid alleged that the defendants refused to provide hormone-replacement therapy for her Gender Identity Disorder ("GID"). Reid alleged that she had sought treatment for GID from ADC doctors for two years before filing this complaint. In February 2013, Reid attempted to castrate herself, and doctors were only able to save one of her testicles. During recovery, she met with the ADC "GID committee," which determined that she did not meet the criteria for a GID diagnosis. Four months later, in June 2014, Reid cut off her remaining testicle. She underwent emergency surgery and returned to prison the next day under a seventy-two-hour suicide watch.

Applying *de novo* review, we conclude that the district court properly granted summary judgment. *See Crain v. Bd. of Police Comm'rs*, 920 F.2d 1402, 1405-06 (8th Cir. 1990). We agree with the district court that Reid's claims against the defendants in their official capacities are barred by sovereign immunity. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that a § 1983 damages claim against a state official acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a "person" capable of being sued).

We also agree with the district court that Reid's claims against the defendants in their individual capacities were barred by qualified immunity. More specifically,

---

[1] Reid was born male but identifies as female. This opinion refers to her using feminine pronouns.

[2] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

we conclude that the evidence, viewed in the light most favorable to Reid, did not establish an Eighth Amendment violation. "A prima facie case alleging . . . deliberate indifference requires the inmate-plaintiff to demonstrate that [s]he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118 (8th Cir. 2007) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). Reid cannot establish that the defendants' conduct amounted to deliberate indifference. Numerous mental-health professionals have evaluated Reid, but none have diagnosed her with GID or concluded that GID treatment is appropriate. Reid has a number of other mental health issues for which she has received treatment and monitoring. Her disagreement with these diagnoses and treatment decisions is not actionable under § 1983. *See Dulany*, 132 F.3d at 1239 (holding that prison doctors remain free to exercise independent medical judgment and that inmates have no constitutional right to their requested course of treatment); *White v. Farrier*, 849 F.2d 322, 325-28 (8th Cir. 1988) (holding that prisoner with GID suffered from serious medical condition, but failure to provide hormone therapy did not constitute deliberate indifference to that medical need).

The dissent claims that we have read the complaint too narrowly as alleging only the denial of her requested treatment. The dissent instead reads the complaint to allege that the defendants deliberately ignored the risk that Reid would harm herself. We disagree. The complaint makes clear that Reid seeks estrogen-replacement therapy; any other harms alleged directly resulted from the defendants' decision not to provide this treatment. Reid does not allege any failure to provide general mental health treatment or monitoring unrelated to the denial of her request for GID treatment.

Even if we generously read the complaint to include allegations that the defendants deliberately ignored Reid's tendency to inflict self harm, we still would affirm. The question on appeal from the grant of summary judgment is not whether

Reid has alleged sufficient facts, but whether she has raised a genuine dispute of material fact sufficient for her claims to survive summary judgment. *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006). Reid has failed to establish that the medical treatment violated her constitutional rights. As we explained in *Meuir*:

> [The plaintiff] produced neither expert testimony nor documentary evidence to support [her] claim that the treatment provided . . . was constitutionally inadequate. . . . "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."

487 F.3d at 1119 (quoting *Dulany*, 132 F.3d at 1240). In sum, Reid does not suggest any actions that the defendants could have taken to prevent her from inflicting self harm other than providing estrogen-replacement therapy—treatment to which she is not entitled under the law.

Accordingly, we affirm.

BYE, Circuit Judge, dissenting.

I believe it was unreasonable for Dr. Margaret Rector and medical director Wendy Kelley to provide no additional treatment to Reid and ignore the likelihood she would harm herself again after she cut off one testicle. I would reverse the district court's order granting summary judgment in favor of Dr. Rector and Kelley in their individual capacities based on qualified immunity.

I read Reid's complaint more broadly than the Court to allege Dr. Rector and Kelley deliberately ignored the risk Reid would harm herself, not merely that they

-4-

ignored her requests for treatment for gender identity disorder (GID). Reid alleges she first visited Dr. Rector in 2012 and requested to see a GID specialist, but Dr. Rector denied the request. As a result, Reid went on a hunger strike, for which she was prescribed Prozac to treat her depression. In February 2013, she attempted to castrate herself and was rushed by ambulance to the hospital, where medics only saved one testicle. Following this incident, Reid met with a group of staff members, including Kelley and Dr. Rector, to request a formal diagnosis of GID. The board did not provide Reid with a GID diagnosis or any other diagnosis. They sent her back to her cell and Dr. Rector told her she would be fine. Four months later, Reid cut off her other testicle, at which time she was taken to the hospital and placed on suicide watch.

In her list of legal claims, Reid broadly alleges the "deliberate indifference to medical needs, unsafe conditions, and sexual discrimination" violated her Eighth Amendment rights. Nowhere in these legal claims does she allege Dr. Rector and Kelley were deliberately indifferent to her medical needs solely by failing to diagnose her with GID. Thus, while the complaint repeatedly mentions Reid's frustration that she did not receive GID treatment, that is not her sole allegation.

If the pro se complaint is broadly read, as it must be, Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010), I do not believe Dr. Rector and Kelley are entitled to qualified immunity. Officials are entitled to qualified immunity if they could reasonably believe their response was not deliberately indifferent to a risk of harm. Gordon ex rel. Gordon v. Frank, 454 F.3d 858, 863 (8th Cir. 2006). In this case, it was not reasonable for Dr. Rector and Kelley to believe they could simply send Reid back to her cell and tell her she would be fine when they knew she had previously gone on a hunger strike and mutilated one testicle. By doing so, they deliberately ignored the high risk Reid would harm herself, and as such they are not entitled to qualified immunity. See Reed v. Woodruff Cnty., Ark., 7 F.3d 808, 810 (8th Cir.

1993) ("Our cases apply the same standard to a prisoner's right to be protected from self-inflicted harm or suicide.").

Citing Meuir v. Greene County Jail Employees, the Court argues Reid has failed to create a genuine dispute of material fact sufficient to survive summary judgment because she has produced "neither expert testimony nor documentary evidence to support [her] claim that the treatment provided by the Jail's medical staff was constitutionally inadequate." 487 F.3d 1115, 1119 (8th Cir. 2007). But in Meuir, the defendants produced affidavits from a dentist and one of the treating doctors attesting the treatment they provided the plaintiff was adequate. Id. This evidence led this Court to conclude the plaintiff's mere statements that he received inadequate treatment did not create a genuine issue of material fact "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate." Id. (quoting Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997)).

The same cannot be said here. Dr. Rector and Kelley did not file affidavits indicating they believed they provided Reid with adequate treatment when they continued her psychiatric medications and told her she would be fine after her first attempt to castrate herself. And while Dr. Rector and Kelley filed an affidavit from Dr. Albert Kittrell, Dr. Kittrell reviewed Reid's file only to "provide an opinion as to whether [Reid's file] indicates a diagnosis of gender dysphoria in light of DSM-V." He did not opine whether Dr. Rector and Kelley provided adequate treatment to Reid after her first attempt to castrate herself.

This is not a case, like Meuir, where medical records and testimony of multiple doctors contradict the plaintiff's conclusory assertions and establish the care provided was adequate. Rather, the record shows that after Dr. Rector and Kelley knew Reid had been treated for psychological issues, had gone on a hunger strike, and had cut off one testicle, they provided no additional treatment. There is no evidence to

support Dr. Rector's and Kelley's position that their failure to provide additional treatment to prevent Reid from self-harm was medically reasonable.  Therefore, there is a genuine issue of material fact as to whether Dr. Rector and Kelley were deliberately indifferent to Reid's medical needs, which precludes qualified immunity.

I would reverse the district court's order granting qualified immunity to Dr. Rector and Kelley in their individual capacities.

—————————————————