# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1775

_____

| | |
|---|---|
| Donna Robinson Phillips, | * |
| | * |
| Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Union Pacific Railroad Company, | * |
| | * |
| Appellee. | * |

_____

Submitted:  April 14, 2000

Filed:  June 26, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and FRANK,[1] District
  Judge.

_____

WOLLMAN, Chief Judge.

Donna Robinson Phillips appeals from the district court's[2] judgment in favor of
her former employer, Union Pacific Railroad Company (Union Pacific), on her claims
of discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District
of Minnesota, sitting by designation.

[2]The Honorable Susan Webber Wright, Chief Judge, United States District Court
for the Eastern District of Arkansas.

§§ 2000e et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  We affirm.

**I.**

Phillips, a black female, began working for Union Pacific in 1981.  She performed various clerical jobs within the company over the next several years, and in mid-1992 she became a personnel department stenographer.  She remained employed in this capacity until November 11, 1992, when Union Pacific suspended her from active service pending medical clearance to return to work.  In its letter notifying Phillips of her suspension, Union Pacific explained that it was taking such action because it was concerned about her "personal health and safety, as well as those around [her]."  This concern apparently arose from an employee's report that Phillips had recently threatened to kill two co-workers, coupled with Union Pacific's knowledge that Phillips occasionally carried a gun and that she had a history of substance abuse and psychological problems.

Shortly after she was suspended, Phillips was examined by a psychiatrist at Union Pacific's request.  The psychiatrist opined that Phillips should not resume employment until she received formal psychiatric treatment.  Phillips did not seek or receive such treatment for ten months following this consultation, however, and when she did commence treatment her treating psychiatrist, Dr. Linda Neal, reported that she was uncooperative and often missed appointments.  In January of 1996, Phillips stopped seeing Dr. Neal without having achieved any of Dr. Neal's initial treatment goals and without having received medical clearance to return to work.

On August 16, 1995, approximately three years after her suspension began, Phillips filed suit in federal district court raising several claims.  First, she alleged that Union Pacific had racially discriminated against her by requiring her to undergo psychiatric treatment while not requiring the same of a white employee who exhibited

similar psychological instability. Second, she claimed that her suspension was imposed in retaliation for an internal complaint of race discrimination that she had filed a month prior to the suspension. Third, she asserted that Union Pacific had violated the ADA by treating her adversely because of her psychological impairment. Finally, she claimed that Union Pacific had discriminated against her on the basis of her gender.

The case was first tried in July of 1998. Following the close of Phillips's case, the district court granted Union Pacific's motion for judgment as a matter of law (JAML) on Phillips's ADA claim and submitted the remaining claims to the jury. The jury found in favor of Union Pacific on Phillips's sex discrimination claim but was unable to reach a verdict on the race and retaliation claims. The district court then held a second trial on these claims and, at the close of Phillips's case, granted JAML in favor of Union Pacific. Phillips appeals the disposition of all of her claims.

## II.

### A.  Race Discrimination and Retaliation Claims

Phillips first challenges the district court's entry of JAML on her race and retaliatory discrimination claims. We review a district court's grant of JAML de novo. See Greaser v. Missouri Dep't of Corrections, 145 F.3d 979, 984 (8th Cir. 1998). JAML is warranted where the non-moving party has presented insufficient evidence to support a jury verdict in her favor. See Weber v. Strippit, Inc., 186 F.3d 907, 912 (8th Cir. 1999). In making this determination, we view all facts in the light most favorable to the non-moving party, giving her the benefit of all reasonable inferences. See Greaser, 145 F.3d at 984.

Finding no direct evidence of discrimination, the district court analyzed Phillips's race discrimination and retaliation claims under the burden-shifting framework of

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).[3] See Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1107 (8th Cir. 1998). The court found that Phillips had set forth a prima facie case of both race discrimination and retaliation but that Union Pacific had proffered a nondiscriminatory reason for suspending her--threatening other employees--and that she had not shown this reason to be pretextual. Phillips disagrees, contending that she presented sufficient evidence of disparate treatment to support a finding of pretext. She points to evidence that Union Pacific did not suspend or require psychiatric treatment of Jerry Allen, a white employee who exhibited behavior similar to her own.

Our review of the record satisfies us that the district court's ruling was proper. Although evidence of disparate treatment can support a finding of pretext, it can only do so in those cases in which the plaintiff and the party alleged to have received more favorable treatment were "similarly situated in all relevant respects." Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir. 1988) (citations omitted). Employees are similarly situated when they are involved in the same misconduct or misconduct that is of "comparable seriousness." Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972-73 (8th Cir. 1994) (citations omitted).

Here, Phillips and Allen were not involved in the same misconduct or that of comparable severity. After viewing the evidence in Phillips's favor, we agree with the district court that any reasonable juror would find that Phillips threatened to kill two co-workers just days before her suspension. This finding is supported by statements of several individuals and is contradicted only by Phillips's unsubstantiated assertion that such statements are lies. In contrast, there is no evidence that Allen ever made death threats or otherwise acted in such a way as to cause Union Pacific to fear that he might

_____

[3]Phillips asserts on appeal that there exists direct evidence to support her claims of race discrimination and retaliation. She fails to identify any such evidence in her brief, however, and we find none in the record.

-4-

intentionally injure a co-worker. Rather, the evidence indicates only that Allen had a disruptive temper and often used profanity. We are therefore satisfied that Phillips and Allen were not "similarly situated in all relevant respects" and that Phillips thus failed to present sufficient evidence of disparate treatment to support a finding of pretext. See Ward v. Procter & Gamble Paper Prod. Co., 111 F.3d 558, 560-61 (8th Cir. 1997) (finding no disparate impact where plaintiff who slapped co-worker's back was disciplined more severely than fellow employee who grabbed co-worker's finger).

Additionally, we discern no other evidence from the record that supports a finding that Phillips was suspended because of her race or because she filed an internal complaint of discrimination. Accordingly, we conclude that the district court properly granted Union Pacific's motion for JAML on Phillips's race discrimination and retaliation claims.

## B. Disability Discrimination Claim

Phillips also contends that the district court erred in granting JAML on her ADA claim. To be entitled to ADA protection, a plaintiff must show, among other things, that she is a "qualified individual" within the meaning of the ADA. See Weber, 186 F.3d at 916. A qualified individual is one who is able to perform, with or without accommodation, "the essential function of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); see Weber, 186 F.3d at 916.

Like the district court, we conclude that Phillips failed to show that she is a qualified individual. Both Dr. Neal and Dr. Stephen Snyder, another physician who treated Phillips, testified that Phillips could not perform her stenographer job without accommodation and that she could perform it with accommodation only if she received psychiatric treatment and drug and alcohol monitoring. Phillips, however, testified that she was not receiving psychiatric care, and she has presented no other evidence that persuades us that she could perform the essential functions of her job, with or without

accommodation.  See <u>Buckles v. First Data Resources, Inc.</u>, 176 F.3d 1098, 1101 (8th Cir. 1999) (burden is on plaintiff to show that a reasonable accommodation enabling him to perform essential functions of his job is possible).  We thus conclude that the district court properly entered JAML in favor of Union Pacific on Phillips's ADA claim.  See <u>Mole v. Buckhorn Rubber Prod., Inc.</u>, 165 F.3d 1212, 1217 (8th Cir. 1999) (finding plaintiff with declining psychological health no longer able to perform essential functions of job).

## C.  Sex Discrimination Claim

Phillips argues that the jury verdict rejecting her Title VII sex discrimination claim is not supported by sufficient evidence.  We will not reverse a jury verdict for insufficient evidence "unless after viewing the evidence in the light most favorable to the verdict, we conclude that no reasonable juror could have returned a verdict for the non-moving party."  <u>Morse v. Southern Union Co.</u>, 174 F.3d 917, 922 (8th Cir.), cert. denied, 120 S. Ct. 29 (1999) (citation and internal quotations omitted).  Because Phillips has  pointed to no deficiency in the evidence that would call into question the jury's findings, and because our independent review of the record has revealed none, we conclude that Phillips's challenge to the sufficiency of the evidence is without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.