# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1294

_____

| | | |
|---|---|---|
| Don Bell, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Southwestern Bell Wireless, Inc.; | * | District of Arkansas. |
| | * | |
| Defendant-Appellee, | * | [UNPUBLISHED] |
| | * | |
| Mark Rupley; Larry Evans, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: September 14, 2001

Filed:  September 20, 2001

_____

Before MURPHY and FAGG, Circuit Judges, and LONGSTAFF,* District Judge.

_____

PER CURIAM.

Don Bell, an African-American with no supervisory experience, was not selected for promotion to a supervisory warehouse position with Southwestern Bell Wireless,

_____

*The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

Inc. (SWBW). An outside Caucasian applicant with five years' supervisory warehouse experience and ten years' additional warehouse experience was selected for the position instead. After filing a grievance with the Equal Employment Opportunity Commission, Bell sued SWBW for racially motivated employment discrimination. SWBW moved for summary judgment, claiming it did not promote Bell because Bell's abrasive behavior showed he lacked the necessary leadership skills to be a supervisor. The district court[**] granted SWBW's motion for summary judgment, finding although SWBW conceded Bell had established a prima facie case of discrimination, SWBW offered a legitimate nondiscriminatory reason for not promoting Bell. Further, Bell did not show SWBW's reason was a pretext for racial discrimination. See, e.g., Gentry v. Georgia-Pacific Corp., 250 F.3d 646, 650 (8th Cir. 2001) (describing burden shifting analysis for failure-to-promote claims). Bell appeals.

Having reviewed the record de novo and interpreted the facts in the light most favorable to Bell, we agree there is no genuine issue of material fact. See Rivers-Frison v. Southeast Mo. Cmty. Treatment Ctr., 133 F.3d 616, 618 (8th Cir. 1998). SWBW's reason for not promoting Bell was neither discriminatory nor a pretext for discrimination. See id. at 621; see also Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1310-11 (8th Cir. 1995) (finding employee not chosen for promotion because of employee's abrasive manner and poor coworker relationships). Bell and SWBW describe Bell's role in the warehouse, his conflict with coworkers, and SWBW's efforts to reconcile the conflicts in a consistent manner. In addition, although Bell claims he had greater cellular experience, Bell does not dispute that the successful applicant had far greater supervisory experience. Finally, Bell's only evidence of racial animus is the racial difference between himself, an African American, and the successful applicant, a Caucasian. This difference alone does not raise an inference that race was a

---

[**]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

determinative factor in SWBW's promotion decision.  See id.; see also Rivers-Frison, 133 F.3d at 621.

Finding no reversible error, we thus affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.