# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1956

———————

Charles L. Burgett,

      Appellant,

v.

John W. Snow, Secretary, Department of the Treasury,

      Appellee.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISEHD]

———————

Submitted: April 7, 2006
Filed: April 17, 2006

———————

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Charles L. Burgett, an African-American, appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action against the Secretary of the United States Department of the Treasury (Department). Having conducted de novo review of the record, we affirm. See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (standard of review).

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We agree with the district court that (1) Burgett did not show that the Department's legitimate, nondiscriminatory reason for not selecting him for a 1996 lead-tax-examining position was pretextual, see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (ultimate burden of persuading court that defendant intentionally discriminated always remains on plaintiff); (2) he failed to establish a prima facie case of race or gender discrimination or retaliation related to a December 1996 disciplinary memorandum, see Turner v. Gonzales, 421 F.3d 688, 694 (8th Cir. 2005) (gender); Zhuang v. Datacard Corp., 414 F.3d 849, 856 (8th Cir. 2005) (retaliation); Cherry v. Ritenour Sch. Dist., 361 F.3d 474, 478 (8th Cir. 2004) (race); and (3) he did not create any trialworthy issues as to whether the Department's reasons for his three-day and fourteen-day suspensions in 1997 were pretextual, see Phillips v. Union Pac. R.R. Co., 216 F.3d 703, 706 (8th Cir. 2000) (evidence of disparate treatment can support finding of pretext, but plaintiff and party alleged to have received more favorable treatment must be similarly situated in all relevant respects); cf. Putnam v. Unity Health Sys., 348 F.3d 732, 736 (8th Cir. 2003) (this court has repeatedly held that insubordination is legitimate reason for termination).[2]

We also conclude the district court did not abuse its discretion in allowing the Department to file its summary judgment exhibits one day late. See Griffin v. Super Valu, 218 F.3d 869, 870 (8th Cir. 2000) (absent abuse of discretion, this court will not interfere with district court's docket management).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[2]Burgett has abandoned his claims related to the other incidents alleged in his complaint by not addressing them in his brief. See Meyers v. Starke, 420 F.3d 738, 742-43 (8th Cir. 2005).