# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4055/05-4270

_____

Brenda Arnold,                                     *
                                                   *
         Appellant/Cross-Appellee,                 *
                                                   *    Appeals from the United States
   v.                                              *    District Court for the
                                                   *    Eastern District of Arkansas.
Nursing and Rehabilitation Center                  *
at Good Shepherd, LLC,                             *
                                                   *
         Appellee/Cross-Appellant.                 *

_____

Submitted: September 29, 2006
     Filed: December 8, 2006

_____

Before LOKEN, Chief Judge, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Brenda Arnold sued her employer, Nursing and Rehabilitation Center at Good Shepherd ("Good Shepherd"), alleging employment discrimination in violation of 42 U.S.C. § 1981. The district court[1] granted summary judgment in favor of Good Shepherd but denied Good Shepherd's motion for attorneys' fees and costs. Arnold appeals the grant of summary judgment. Good Shepherd cross-appeals the court's denial of its motion for attorneys' fees and costs. We affirm both judgments.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

## I. *Background*

Good Shepherd, a long-term-care-residential facility, employed Brenda Arnold, an African American, as a licensed practical nurse. A resident accused Arnold of verbal abuse. Good Shepherd conducted an investigation into the allegation of abuse, substantiated the claim, and fired Arnold. After Arnold's termination, the Arkansas Office of Long Term Care conducted an independent investigation and concluded the allegation was unfounded.

Arnold's complaint alleged race discrimination in violation of 42 U.S.C. § 1981. Good Shepherd moved for summary judgment and the district court, based upon two independent grounds, granted the motion. First, the district court found that Arnold presented no evidence showing that she performed her duties satisfactorily. Second, the court found that Arnold failed to show Good Shepherd's reason for termination was a mere pretext for racial discrimination.

## II. *Discussion*

"We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Nat'l Am. Ins. Co. v. W & G, Inc.,* 439 F.3d 943, 945 (8th Cir. 2006) (internal citations omitted). "Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." *Whitley v. Peer Review Sys., Inc.,* 221 F.3d 1053, 1055 (8th Cir. 2000) (internal citations omitted).

## A. *Qualification*

To make her race discrimination claim, Arnold adduces circumstantial rather than direct evidence. Therefore, we employ the familiar burden-shifting analysis prescribed by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See*

-2-

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie case of race discrimination under § 1981, Arnold must show that: (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was discharged; and (4) her discharge occurred in circumstances giving rise to an inference of unlawful discrimination.[2] *Johnson v. AT&T Corp.,* 422 F.3d 756, 761 (8th Cir. 2005).

The district court, in granting Good Shepherd's summary judgment motion, determined that Arnold failed to establish a prima facie case. The court found "no reasonable jury could infer that [Good Shepherd] discriminated against [Arnold] on account of her race when there exists no evidence that [Good Shepherd] did not have a good faith belief that [Arnold] was not performing her duties satisfactorily."

Arnold argues that the district court erred by requiring her to show that she performed her job satisfactorily instead of merely requiring her to show that she was qualified. We agree. By requiring Arnold to prove that she executed her duties satisfactorily, the district court "raised the standard set by the Supreme Court for what suffices to show qualification." *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 91 (2nd Cir. 2001), *cert. denied*, 534 U.S. 951 (2001).

It is undisputed that Arnold was qualified to serve as a licensed practical nurse. Arnold had served as a licensed practical nurse for nearly a year before her discharge. Accordingly, we hold that the district court erred by requiring Arnold to show that she was performing her job satisfactorily.

---

[2]The district court did not determine whether Arnold presented sufficient evidence to establish that her discharge occurred in circumstances giving rise to an inference of unlawful discrimination. We assume, without deciding, that Arnold satisfied this burden.

B. *Pretext*

The establishment of a prima facie case creates a rebuttable presumption of discrimination. *McCullough v. Real Foods, Inc.*, 140 F.3d 1123, 1126 (8th Cir. 1998). The employer may rebut this presumption by articulating one or more nondiscriminatory reasons for the employment decision. *Id.* A district court may not second-guess an employer's valid, non-discriminatory employment decisions. *Moschetti v. Chi., Cent. & Pac. R.R. Co.*, 119 F.3d 707, 710 (8th Cir. 1997). Once an employer offers such an explanation, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for discrimination. *Yates v. Rexton, Inc.*, 267 F.3d 793, 798 (8th Cir. 2001).

To rebut the presumption of discrimination, Good Shepherd relied upon its substantiation of an allegation that Arnold verbally abused a resident. Arnold then became obligated to show this reason was pretextual for Good Shepherd's actual purpose of racial discrimination. The district court found that Arnold offered no proof that the explanation offered by Good Shepherd was a pretext for discrimination.

On appeal, Arnold disputes the district court's finding and contends she offered sufficient evidence that the verbal allegations were fabricated and that similarly-situated white employees were punished differently. Although Arnold is correct that she made these arguments, the record evidence does not support a jury finding that Good Shepherd's reasons were pretextual.

A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies, *Ledbetter v. Alltel Corporate Servs., Inc.* 437 F.3d 717 (8th Cir. 2006); (2) treated similarly-situated employees in a disparate manner, *Putman v. Unity Health Sys.*, 348 F.3d 732 (8th Cir. 2003); and (3) made substantial changes over time in its proffered reason for an employment decision, *Kobrin v. Univ. of Minn.*, 34 F.3d 698 (8th Cir. 1994), *cert. denied*, 522 U.S. 1113 (1998).

Even assuming that Good Shepherd did terminate Arnold's employment based upon a false complaint, Arnold's claim still does not survive summary judgment. Regardless of the method employed to prove pretext, a plaintiff "must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations." *Roxas v. Presentation Coll.,* 90 F.3d 310, 316 (8th Cir. 1996). We have held that even if an employer fires an employee based upon a mistaken belief, the employee still must offer some evidence that racial animus was at the root of the termination. *Johnson,* 422 F.3d at 763. In the instant case, Arnold fails to offer any evidence suggesting racial animus lies behind Good Shepherd's neutral explanation of employee misconduct.

Arnold also argues that she showed pretext by proof of disparate treatment. Arnold contends that a similarly-situated white-male employee was not terminated after he actually caused the death of a resident. However, Arnold failed to show that she and the white-male employee were similarly situated. Independent investigations by Good Shepherd, the State of Arkansas, and the local police each concluded the resident's death was an accident. An employee involved in an accident with a resident, though fatal, is not similarly situated with an employee who intentionally verbally abuses a resident. These situations simply are not sufficiently analogous to support an inference of disparate treatment among similarly-situated employees.

Accordingly, the district court did not err by granting Good Shepherd's motion for summary judgment.

III. *Cross-Appeal*

Good Shepherd cross-appeals the district court's denial of its motion seeking attorneys' fees and costs. The district court found that the case presented close questions of fact and law and that an award of attorneys' fees would be inappropriate. The court also found that Arnold had not acted in bad faith or brought a frivolous action. The district court was correct, and we affirm.

A district court's denial of an award for costs is reviewed for an abuse of discretion. *Missouri Pac. R.R. Co. v. Star City Gravel Co.*, 592 F.2d 455, 459–460 (8th Cir. 1979). A district court's denial of an award for attorneys' fees is also reviewed for an abuse of discretion. *Warner v. Indep. Sch. Dist. No. 625*, 134 F.3d 1333, 1336 (8th Cir.1998), *cert. denied* 525 U.S. 823 (1998). We do not grant lightly a defendant's request for attorneys' fees. "[S]o long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees." *E.E.O.C. v. Kenneth Balk & Assoc., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987).

Although Arnold failed to show she was discriminated against, she brought her claim in good faith and it was not frivolous or unreasonable. Accordingly, we find that the court did not abuse its discretion in denying attorneys' fees and costs to Good Shepherd.

For the reasons stated, we affirm both judgments of the district court.

_____