# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3868

_____

| | | |
|---|---|---|
| Robert Harrison, | * | |
| | * | |
| Plaintiff – Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United Auto Group, | * | Eastern District of Arkansas. |
| Steven Landers, Sr., and | * | |
| Dwight Everett, | * | |
| | * | |
| Defendants – Appellees. | * | |

_____

Submitted: February 15, 2007
Filed: July 12, 2007

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Robert E. Harrison, an African-American, sued United Auto Group, Inc., Steven Landers, Sr., and Dwight Everett ("United") for race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. The district court[1] granted United judgment as a matter of law. Harrison appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

I.

Landers, president of United's operations in Arkansas, called Harrison about becoming general manager of a car dealership in Fayetteville. Harrison had worked for Landers, but when called was sales manager at a competing dealership. Landers said the base compensation would be $50,000 to $70,000 a year (in addition to commissions). According to Harrison, he asked if this compensation was comparable to what other general managers were being paid. Landers never responded. Harrison agreed to drive to Fayetteville, look at the dealership, and contact Landers afterward. Landers testified he thought Harrison was qualified to be general manager of a small dealership like Fayetteville. Landers said he sought out Harrison for the Fayetteville position because Harrison had a college degree, and the clientele at that dealership is more knowledgeable about the product.

After touring the dealership, Harrison contacted Landers and spoke favorably about the position. Landers told Harrison about another general manager position available at a United dealership in Memphis. Harrison testified that Landers asked him to look at the store in Memphis, as it might be a better fit because more minorities live in Memphis. The human resources director for United testified that Landers told her that Harrison was a perfect candidate for either Fayetteville or Memphis.

After visiting Memphis, Harrison called Landers and again asked about compensation. Landers said that it was the same in Memphis as in Fayetteville. Harrison also spoke with a friend who worked for United, telling him he was surprised by the Fayetteville offer as he thought it would be more. The friend called Landers and told him Harrison was offended by the offer. Landers testified he did not pursue Harrison after the phone call because he was offended by Harrison's comment and believed Harrison had declined the offer. Landers considered the amount offered a good base salary for a small dealership, as the current manager made $120,000 for managing two stores. After Landers talked to Harrison's friend, neither Landers nor

Harrison contacted each other again. No formal offers of employment were ever made to Harrison.

Harrison alleges that United discriminated against him by failing to hire him as general manager at Fayetteville and for management positions that arose later. At the close of plaintiff's evidence, the district court granted United judgment as a matter of law, finding Harrison failed to meet his burden of showing discrimination. Harrison argues the district court applied the incorrect burden of proof and erred in requiring him to prove racial animus.

## II.

This court reviews de novo a district court's grant of judgment as a matter of law, using the same standards as the district court. *Anderson v. Indep. Sch. Dist.*, 357 F.3d 806, 809 (8th Cir. 2004). Judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party." **Fed. R. Civ. P. 50(a)(1)**. This court views all facts in the light most favorable to Harrison and does not weigh evidence or make credibility determinations. *See Anderson*, 357 F.3d at 809.

For a prima facie case of discriminatory failure to hire, Harrison must prove: (1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected; and, (4) after he was rejected, United continued to seek applicants with Harrison's qualifications. *See Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216, 1223 (8th Cir. 1997). Harrison contends that the district court erred in not applying the principle that a plaintiff's burden at the prima facie stage is less onerous where the employer's hiring criteria are subjective. *See Lyoch v. Anheuser-Busch Cos.*, 139 F.3d 612, 615 (8th Cir. 1998) (a plaintiff has a lighter burden for a prima facie case of failure to promote when the criteria are subjective). United admits that general-manager openings were not posted

or advertised and that Landers and Everett relied on their own instincts in making hiring decisions. The subjectivity of hiring criteria is, however, relevant only to rejections based on requirement (2), qualification for the position. *See id.*; *see generally **Turner v. Honeywell Fed. Manufacturing & Technologies, LLC***, 336 F.3d 716, 720-21 (8th Cir. 2003); ***McCullough v. Real Foods, Inc.***, 140 F.3d 1123, 1128-29 (8th Cir. 1998). In this case, there is no dispute that Harrison was qualified.

The district court's main view of the case was that Harrison did not present sufficient evidence of requirement (3), rejection. The district court stated, "I think Mr. Harrison either – if he didn't turn down the offer, at least he made it plain that he would not accept an offer in the salary range that Mr. Lander's contemplated." It is undisputed that communications between Harrison and United simply ended.

Harrison asserts that the district court erred in finding that he had to show racial animus, instead of intentional discrimination. At trial, the district court found that Harrison had not met his burden of "showing some kind of racial animus." Harrison contends that a person who acts with no racial animus can still be held liable for intentional discrimination, citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987) and *Ferrill v. The Parker Group, Inc.*, 168 F.3d 468, 473 (11th Cir. 1999).

Harrison's semantic attack is beside the point. The district court explained that after consideration of the *McDonnell-Douglas* framework, Harrison "still has the burden of showing that race was a motivating factor." The district court thus follows the cases that use the words "racial animus" to describe the evidence of discrimination because of race. ***Arnold v. Nursing and Rehab. Ctr. at Good Shepherd***, 471 F.3d 843, 847 (8th Cir. 2006); ***Williams v. Saint Luke's-Shawnee Mission Health Sys., Inc.***, 276 F.3d 1057, 1059 (8th Cir. 2002); ***Bell v. Southwestern Bell Wireless, Inc.***, 19 Fed. Appx. 453, 454 (8th Cir. 2001); ***Clearwater v. Indep. Sch. Dist. No. 166***, 231 F.3d 1122, 1127 (8th Cir. 2000). In the total context of the district court's ruling, the

district judge applied the correct test: whether United refused to hire Harrison because of his race.  *See* **42 U.S.C. 2002e-2(a)(1)**.

Judgment as a matter of law is appropriate depending on a number of factors, including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." ***Tatum v. City of Berkeley***, 408 F.3d 543, 549 (8th Cir. 2005), *quoting* ***Reeves v. Sanderson Plumbing Prods., Inc.***, 530 U.S. 133, 148-49 (2000). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." ***Bogren v. Minnesota,*** 236 F.3d 399, 404 (8th Cir. 2000), *quoting* ***Texas Dep't of Community Affairs v. Burdine***, 450 U.S. 248, 253 (1981).

To show racial motivation, Harrison emphasizes Landers's statement that Memphis might be a better fit for him as more minorities lived there.  Harrison, on appeal, makes no complaint about a Memphis position.  Harrison fails to connect Landers's comment about Memphis with Harrison's rejection of the Fayetteville position.

Harrison also attacks the amount offered to him as a general manager's salary. Harrison thus attempts to base a discriminatory failure-to-hire claim on a discriminatory salary-offer claim in order to use the salary offer as evidence of both intentional discrimination and pretext.  Harrison asserts that he refused to work for less than other general managers.  He presented evidence that a white general manager of two stores in Fayetteville had a base salary of $120,000 – which, in fact, indicates that the salary offer was not discriminatory.  At trial, while listing total salaries – including commissions – of other general managers, Harrison introduced no other evidence of base salaries for comparable dealerships, and thus failed to show a discriminatory salary offer.

As a discriminatory failure-to-hire case, Harrison's admission that he rejected the offer is a legitimate nondiscriminatory reason not to hire him. The district court correctly noted that it "almost defies reason that either Mr. Everett or Mr Landers would go out of their way to recruit [Harrison] for these positions with the idea in mind that they were going to discriminate against him." It is undisputed that Landers recruited Harrison, and Harrison rejected the offer.

In response to the motion for judgment as a matter of law, Harrison was required to demonstrate a "legally sufficient evidentiary basis" for a reasonable jury to find that he was subjected to intentional discrimination. **Fed R. Civ. P. 50(a)**; *see also* **Reeves**, 530 U.S. at 148-49. The district court correctly found that Harrison failed to meet the burden of showing race was the reason he was not hired.

III.

The judgment of the district court is affirmed.

_____