# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2935

_____

| | | |
|---|---|---|
| Sherri Jo Reid, dba Colonial Square Tax & Accounting, | * * * | |
| Plaintiff - Appellant, | * * | |
| v. | * * | |
| Pekin Insurance Company, | * * | |
| Defendant - Appellee, | * | |
| _____ | * * * | Appeal from the United States District Court for the Northern District of Iowa. |
| Pekin Insurance Company, | * * | |
| Third-Party Plaintiff, | * * | [UNPUBLISHED] |
| v. | * * | |
| Kathy Klocke; Steven Klocke, dba Klocke Excavating and Trucking, | * * * | |
| Third-Party Defendants. | * | |

_____

Submitted: June 14, 2007
Filed: August 28, 2007

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Sherri Jo Reid, doing business as Colonial Square Tax and Accounting, brought this diversity action against Pekin Insurance Company ("Pekin"), alleging breach of contract and bad faith. The district court[1] granted summary judgment on the bad faith claim, and a jury returned a verdict in favor of Pekin on the breach of contract claim. The district court denied Reid's motion for a judgment as a matter of law. Reid appeals the grant of summary judgment and the denial of her motion for judgment as a matter of law. We affirm.

I. *Background*

Reid owns a commercial building that is insured by Pekin. The insurance policy explicitly excludes damage to the building caused by wear and tear; rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in the property that causes it to damage or destroy itself; and settling, cracking, shrinking or expansion. On October 25, 2002, Steve Klocke began to excavate a foundation wall on a property approximately four feet east of Reid's building. During the excavation, Klocke repeatedly smashed the excavation equipment against the foundation wall with such force that it sent vibrations to several nearby structures, including Reid's building. Reid suspected that these vibrations caused structural damage to her building's foundation, roof, outside concrete blocks, and various other places.

Several months later, Reid hired an engineering expert to determine whether the vibrations caused the structural damage to her building. This expert, however, concluded that the structural damage pre-dated the excavation. At most, this expert concluded, that the vibrations caused very minor damage to Reid's building, not the extensive structural damage alleged by Reid. Despite her own expert's conclusion, Reid filed a claim with Klocke's insurer, Westbend Mutual Insurance Company (Westbend), seeking compensation for the structural damage. Westbend, after sending

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

their own engineering expert, also concluded that the building's structural damage pre-dated Klocke's excavation and denied her claim. Reid then filed a $400,000 claim with Pekin, her own insurer. Over the course of the next three years, nine different engineering experts visited the building. Three of these experts—hired by Reid—concluded that the vibrations caused the alleged damage to the building. Five of the experts—hired by Pekin—concluded that the vibrations did not cause the alleged damage to the building. The ninth expert, a second Westbend engineering expert, also concluded that the damage was not caused by the vibrations. Based upon the conclusions of its experts, Pekin denied most of Reid's claim.[2]

Reid brought suit against Pekin who, in turn, filed a third-party complaint against Klocke, seeking indemnification. Reid alleged that Pekin breached their insurance contract by refusing to cover all damages and, in doing so, acted in bad faith. The district court granted Pekin's motion for summary judgment on the bad faith claim. The breach of contract claim went to trial, and the jury found for Pekin. The district court denied Reid's motion for judgment as a matter of law. Reid appeals both rulings.

## II. *Discussion*

"We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Neb. Beef, Ltd. v. Wells Fargo Bus. Credit, Inc.*, 470 F.3d 1249,1252 (8th Cir. 2006) (internal quotations omitted); *Arnold v. Nursing and Rehab. Ctr. at Good Shepherd, LLC*, 471 F.3d 843, 846 (8th Cir. 2006). We also review the district court's denial of a motion for judgment as a matter of law de novo; where we will

---

[2]Pekin offered to compensate Reid for cost of repair to the interior drywall and finishes, electrical wiring, and ducts. Pekin asked Reid to submit an estimate for these costs. But, Reid never submitted these estimates. The parties do not dispute that the estimated costs of these minor repairs was substantially less than $400,000.

affirm if sufficient evidence supports the jury verdict. *Morse v. S. Union Co.*, 174 F.3d 917, 922 (8th Cir. 1999). "State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 455 (8th Cir. 1998).

## A. *Bad Faith*

Under Iowa law, a prima facie claim of bad faith requires the plaintiff to prove, *inter alia,* that the defendant had no reasonable basis for denying the plaintiff's claim. *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473 (Iowa 2005). Whether the defendant had a reasonable basis for denying a claim is an objective inquiry, and a court may grant a motion for judgment as a matter of law, if a claim is "fairly debatable." *Id.* "If reasonable minds can differ on the coverage-determining facts or law, then the claim is fairly debatable." *Id.* The district court, citing the conflicting conclusions of the parties' engineering experts, determined that reasonable minds could differ on the cause of the damage to Reid's building.

Reid argues that the experts hired by Pekin are biased and, therefore, their opinions cannot constitute an objective, reasonable basis to deny her claim. We disagree. But assuming, *arguendo*, that we were to accept Reid's argument, three other experts, including the first expert hired by Reid, also concluded that Klocke's excavation was not the cause of the building's structural damage. The district court observed that Reid's first inspector "estimated that the repairs to the damage caused to the Building due to Klocke's [] demolition activities would range in the hundreds of dollars, rather than thousands of dollars [alleged by Reid]." We conclude, based upon the conflicting conclusions of Reid's own experts, that Pekin had a reasonable basis to deny Reid's claim and that the district court did not err by granting Pekin's motion for summary judgment.

B. *Judgment as a Matter of Law*

Reid also avers that the district court erred in denying her motion for judgment as a matter of law. We disagree. We give great deference to a jury verdict and will only reverse if we conclude that no reasonable juror could have returned a verdict for the non-moving party. *Morse*, 174 F.3d at 922. In conducting our review, we: (1) consider the evidence in the light most favorable to the verdict; (2) assume all conflicts in the evidence were resolved in favor of the verdict; (3) assume the prevailing party proved all facts that his evidence tended to prove; and (4) give the prevailing party's evidence the benefit of all favorable inferences that reasonably may be drawn from the proven facts. *Id.*

The trial of this matter was largely a battle of the experts. Both the plaintiff and the defendants produced witnesses who testified consistent with their legal theories. Defense engineering experts testified that Klocke's excavation was not the cause of the damage to Reid's building. On appeal, Reid attacks these experts' credibility, the thoroughness of their work, and the methodology that they employed to reach their conclusions. Reid also avers that she presented stronger, more objective expert evidence than did the defendants. These arguments have already been made before the jury and is the jury's exclusive province to find the facts. The denial of a new trial motion based on the argument that the jury verdict was against the weight of the evidence is virtually unassailable on appeal. *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 593 (8th Cir. 2007) (citing *Grogg v. Mo. Pac. R.R. Co.*, 841 F.2d 210, 214 (8th Cir. 1988)). We discern no reason to make an exception to this rule here. Accordingly, when viewing the evidence in a light most favorable to the verdict, we cannot say that the district court erred when it denied Reid's motion for judgment as a matter of law.

III. *Conclusion*

After a careful review of the record, we affirm the judgments of the district court.

_____