# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1810

_____

Cleotis Johnson,                           *
                                           *
            Appellant,                     *
                                           *
Kenneth Loew,                              *
                                           *
            Plaintiff,                     *
                                           *   Appeal from the United States
                                           *   District Court for the
James Butler,                              *   Eastern District of Arkansas.
                                           *
            Appellant,                     *
                                           *   [UNPUBLISHED]
Willie Moore,                              *
                                           *
            Plaintiff,                     *
                                           *
        v.                                 *
                                           *
Arkansas State Hospital; Glenn Sago;       *
Larry Jordan; Charles Smith,               *
                                           *
            Appellees.                     *

_____

Submitted: June 25, 2008
Filed: June 27, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Cleotis Johnson and James Butler (appellants), both African American, appeal the district court's[1] adverse grant of summary judgment in their civil rights action alleging violations of 42 U.S.C. §§ 1981, 1983, 2000e, and the First and Fourteenth Amendments, as well as a state law claim. We affirm. See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (de novo review standard).

Appellants were security officers for Arkansas State Hospital (ASH). In 2004, Butler's physician reported that, due to an injury, Butler would be limited in his performance in all categories of primary job duties. ASH terminated Butler on the basis that he was no longer able to perform the essential functions of his job with or without accommodation. Butler claimed that he was terminated because of his race, alleging that similarly situated Caucasian employees were treated more favorably. In April 2005, Johnson was asked to take a polygraph examination as part of an internal investigation; he responded that he would not take the examination at that time, but would take it the next day with his attorney present. Pursuant to its policies, ASH terminated Johnson for insubordination and failure to cooperate in an internal investigation. Johnson asserted that he was merely exercising his right under Ark. Code Ann. § 12-12-702 to have counsel present during a polygraph examination and that ASH's explanation for his termination was a pretext for race discrimination. He further claimed discrimination in the terms and conditions of his employment, alleging that he was given job assignments that were beneath his rank and that similarly situated Caucasian employees were treated more favorably.

In addition, appellants each claimed retaliation for filing discrimination charges with the Equal Employment Opportunity Commission (EEOC), noting that Butler was terminated four months after filing a discrimination charge, and Johnson was

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

terminated two months after filing a discrimination charge. Johnson also claimed retaliation in violation of his First Amendment rights, noting that in March 2005, approximately one month before his termination, he made a report to the Disability Rights Center, Inc. (DRC) regarding patient abuse.

Finally, Johnson claimed that, in view of his asserted state statutory right to have counsel present during a polygraph examination, his termination violated public policy and constituted a wrongful discharge.

As to the race-discrimination claims, we conclude that appellants failed to create a genuine issue of fact as to whether the proffered reasons for their terminations were pretextual. See Gill v. Reorganized Sch. Dist. R-6, 32 F.3d 376, 378 (8th Cir. 1994) (burden-shifting analysis applies equally to discriminatory-discharge claims brought under Title VII and under §§ 1981 and 1983). Butler failed to show that the Caucasian employees to whom he compared himself were similarly situated in all relevant respects. See Phillips v. Union Pac. R.R. Co., 216 F.3d 703, 706 (8th Cir. 2000) (compared parties must be similarly situated in all relevant respects). Johnson failed to create a genuine dispute as to whether ASH's explanation for his termination (insubordination) was pretextual. See Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, 471 F.3d 843, 847 (8th Cir. 2006) (proof of pretext includes evidence that employer failed to follow its own policies, treated similarly situated employees in disparate manner, or over time substantially changed proffered reason for employment decision); Putnam v. Unity Health Sys., 348 F.3d 732, 733-34, 736 (8th Cir. 2003) (insubordination is legitimate reason for termination; to survive summary judgment, plaintiff must substantiate allegations with more than speculations, conjecture, or fantasy). Further, the unfair job assignments alleged by Johnson do not constitute adverse employment actions absent evidence of material disadvantage. See Duffy v. McPhillips, 276 F.3d 988, 991-92 (8th Cir. 2002) (adverse employment action must effectuate material change in terms or conditions of employment; "not everything that makes an employee unhappy is an actionable adverse action"); Harlston v. McDonnell

Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994) (changes in duties or working conditions that cause no materially significant disadvantage do not establish adverse employment action).

As to the retaliation claims, we conclude that the temporal proximity between appellants' EEOC filings and their respective terminations was insufficient to establish a causal connection. See Arraleh v. County of Ramsey, 461 F.3d 967, 977-78 (8th Cir. 2006) (while inference of causal connection can be drawn from timing between protected activity and adverse employment action, more than temporal connection is required to present genuine factual issue of retaliation; three-week separation without more was insufficient to prove pretext). Johnson's First Amendment retaliation claim is equally unavailing. Even assuming he engaged in protected speech, he presented no evidence of a causal connection between the speech and his termination (except for the temporal proximity), and he presented no evidence to rebut ASH's legitimate nondiscriminatory reason for his termination. See Morris v. City of Chillicothe, 512 F.3d 1013, 1018-19 (8th Cir. 2008) (First Amendment employment retaliation claim analyzed with three-step burden-shifting test).

Finally, as to Johnson's claim of wrongful discharge, we conclude that he was not terminated for exercising a statutory right, because section 12-12-702 on its face applies to law enforcement personnel and criminal investigations, not an employer's own internal investigation. See Ark. Code Ann. § 12-12-702; Sterling Drug, Inc. v. Oxford, 743 S.W.2d 380, 385 (Ark. 1988) (Arkansas's public policy is found in its constitution and statutes).

Accordingly, we affirm.

_____