# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  07-3358

_____

Frank E. Tappin; Perry Anthony Jr.;        *
Larry Bazzelle; Derrick S. Briggs;         *
Charles Anthony Dowd; Robert               *
Fleming; Morstine Harris; Henry            *
Lamar; Sigfrid Lewis; Ruth M.              *
Swanigan; Joe Lee Wright;                  *
Ocie Robinson,                             *
                                           *
          Plaintiffs – Appellants,         *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Eastern District of Arkansas.
Tommy Goodwin, Col., in his official       *
capacity; Arkansas State Police            *
Department; State of Arkansas;             *   [UNPUBLISHED]
Wayne Eddey, Capt., and his successors     *
in office, in his individual and official  *
capacity as Director of the Personnel      *
and Training Division of the Arkansas      *
State Police; John Gillespie, Chairman,    *
and his successor in office, in their      *
capacity as Commissioner of the           *
Arkansas State Police and as               *
representative of the Arkansas State       *
Police Commissioner; Billy Simpson,        *
Vice-Chairman, and his successor in        *
office, in their capacity as Commissioner  *
of the Arkansas State Police and as        *
representative of the Arkansas State       *

Police Commissioner; Arkansas State       *
Police Commission,                        *
                                          *
      Defendants – Appellees.       *
                ———————

Submitted: September 26, 2008
Filed: October 7, 2008

———————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

African American class members moved in the district court for an additional award of attorney fees under a 1995 settlement agreement in their discrimination action against the Arkansas State Police Department. The district court[1] denied the motion, and we review its order for abuse of discretion. Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC, 471 F.3d 843, 847 (8th Cir. 2006). Its interpretation of the settlement agreement is reviewed de novo. Gilbert v. Monsanto Co., 216 F.3d 695, 700 (8th Cir. 2000).

The 1995 settlement agreement provided an initial fee award of $100,000 for the class attorneys, as well as additional fees "if the plaintiffs obtain relief for a breach of this agreement." The agreement also specified that the "[e]mployer is not liable for any other fees and costs of the class, unless it breaches this Settlement Agreement." The district court determined on March 28, 2007 that the Arkansas State Police

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Department had satisfied its obligations under the agreement, terminated court supervision of the department, and denied as moot a class motion to extend and enforce the agreement. The district court later denied a request by the class for an additional $203,500 in attorney fees for its efforts to ensure compliance with the agreement, pointing out that the settlement agreement unambiguously permitted additional fees only if the agreement were breached and a court awarded relief based on it.

We conclude that the district court did not abuse its discretion in declining to award attorney fees under the agreement since the class did not show that it had obtained relief for any breach of it. The order of the district court is affirmed.

_____